FILED
United States Court of Appeals
Tenth Circuit

February 4, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENIH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTOINE DWAYNE ROBINSON,

Defendant - Appellant.

No. 17-7082
(D.C. Nos. 6:16-CV-00201-RAW
and 6:04-CR-00018-RAW-KEW-1)
(E.D. Okla.)

---

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

Appellant Antoine Robinson seeks a certificate of appealability to appeal the

district court's denial of his 28 U.S.C. § 2255 habeas motion.

In 2004, Appellant pled guilty to Hobbs Act robbery in violation of 18 U.S.C.

§ 1951, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and

possessing a firearm during a crime of violence (specifically, Hobbs Act robbery) in

violation of 18 U.S.C. § 924(c)(1)(A).  He was sentenced to a total term of imprisonment

of 324 months, based in part on the sentencing court's finding that he was a career

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

offender under the then-mandatory Sentencing Guidelines because the instant offense was a crime of violence and he had at least two prior felony convictions for crimes of violence. *See* U.S.S.G. § 4B1.1 (2004).

In 2015, the Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551, 2555–57 (2015), holding that the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii), which defines "violent felony" under the Armed Career Criminal Act, (ACCA) is unconstitutionally vague. Appellant subsequently filed this motion for habeas relief, arguing that *Johnson*'s reasoning would also apply to the residual clause of the definition of "crime of violence" in the Sentencing Guidelines and in § 924(c), thus calling into question both Appellant's sentencing as a career offender and his conviction under § 924(c)(1) for possessing a firearm during a crime of violence.

The district court dismissed Appellant's § 2255 motion as untimely because it had not been filed within one year after his conviction became final and Appellant had not shown that the statute of limitations began to run on a later date. Although Appellant argued that his motion was timely because it was filed within one year of "the date on which the [newly recognized, retroactively applicable] right asserted was initially recognized by the Supreme Court," § 2255(f)(3), the district court held that the Supreme Court had not yet recognized the rights asserted by Appellant because *Johnson* only provided sentencing relief for defendants sentenced under the ACCA's residual clause and did not address other statutes or guidelines that might contain similar or identical language.

Because the district court dismissed Appellant's habeas petition on procedural grounds, we will not issue a certificate of appealability unless Appellant shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Each component of this showing "is part of a threshold inquiry," and we may "proceed[] first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

Appellant's argument that *Johnson* created a new constitutional rule applicable to the mandatory Sentencing Guidelines is expressly foreclosed by a recent opinion issued by this court. *See United States v. Pullen*, No. 17-3194, 2019 WL 348642, at *11 (10th Cir. Jan. 29, 2019) ("We conclude *Johnson* did not create a new rule of constitutional law applicable to the mandatory Guidelines . . . . Although the Supreme Court might reject all of these considerations and invalidate the residual clause of the mandatory Guidelines, it has not yet done so."). In light of this precedential decision, we conclude reasonable jurists would not debate whether the district court was correct in dismissing as untimely Appellant's challenge to his sentencing as a career criminal.

As for Appellant's challenge to his § 924(c)(1) conviction, we need not address the district court's procedural ruling because we are persuaded that reasonable jurists would not "find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack*, 529 U.S. at 484. Appellant's argument is that Hobbs Act

robbery is not a qualifying crime of violence under § 924(c).  However, this argument is precluded by our decision in *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1060 & n.4, 1065 (10th Cir. 2018), in which we held that Hobbs Act robbery is categorically a crime of violence because it includes as an element the use or threatened use of violent force, and thus the invalidation of the separate residual clause does not change this crime's status as a crime of violence.  This reasoning was recently reinforced by the Supreme Court's decision in *Stokeling v. United States*, 139 S. Ct. 544, 555 (2019), in which the Court held, consistently with our decision in *Melgar-Cabrera*, that "the degree of force necessary to commit common-law robbery" is sufficient to satisfy the categorical definition of crime of violence under the elements clause.  Based on these precedential decisions, reasonable jurists would not debate that Hobbs Act robbery is a crime of violence under § 924(c)(3)(A), thus foreclosing Appellant's challenge to his § 924(c) conviction.

We accordingly **DENY** Appellant's request for a certificate of appealability and **DISMISS** the appeal.  His motion for leave to proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge